**FILED**

NOV 23 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ KJN _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT
For the EASTERN DISTRICT OF CALIFORNIA

Terrylyn McCain
4719 Quail Lakes Dr., Ste G #352
Stockton, California (95207)
(209) 470-0709

CASE No. 2 10 - cv- 3170-JAM KJN(PS)

Judge _____

Plaintiff

Date _____

Vs

STOCKTON POLICE DEPARTMENT
aka dba CORPORATION
aka dba CITY OF STOCKTON
22 E. Market Street
Stockton, CA 95202

And

Defendant

REYNOSA # 1058
Employee of CORPORATION
STOCKTON POLICE DEPARTMENT
CITY OF STOCKTON
22 E. Market Street
Stockton, CA 95202

**COMPLAINT FOR DAMAGES
CIVIL RIGHTS VIOLATIONS**
U.S.C. Title 42, Section 1983, 1985
1986, 1988

And

Defendant

ADAR # 2193
Employee of CORPORATION
STOCKTON POLICE DEPARTMENT
CITY OF STOCKTON
22 E. Market Street
Stockton, CA 95202

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS
Page 1 of 18

And

Defendant

TEAGUE # 2015
Employee of CORPORATION
STOCKTON POLICE DEPARTMENT
CITY OF STOCKTON
22 E. Market Street
Stockton, CA 95202

And

Defendant

GONZALES # 1516
Employee of CORPORATION
STOCKTON POLICE DEPARTMENT
CITY OF STOCKTON
22 E. Market Street
Stockton, CA 95202

And

Defendant

EVANGELINA DURAN aka dba
BROWNIES TOWING
40 S. UNION ST.
STOCKTON, CA 95205

And

Defendant

JOHN DOE # 1
Employee for BROWNIES TOWING
40 S. UNION ST.
STOCKTON, CA 95205

And

Defendant

**JURY DEMAND HEREIN**

JOHN HUGHES # 1077
Employee of CORPORATION
STOCKTON POLICE DEPARTMENT
CITY OF STOCKTON

22 E. Market Street
Stockton, CA 95202

   And

Defendant

10 JOHN DOES
Address unknown at this time

   And

Defendant

10 JANE DOES
Address unknown at this time

---

CITY OF STOCKTON ATTORNEY
JOHN M. LUEBBERKE
425 N. El Dorado Street
Stockton, CA 95202

Defendants, CITY OF STOCKTON
425 N. El Dorado Street
Stockton, CA 95202

Defendants

Defendants, CITY OF STOCKTON, being sued as a person, members of the CITY

COUNCIL, are nominally listed, in that they were not directly in the tort violation;

however, In order to Comply with proper procedure of service upon the CITY,

"Corporations" they must be named and served individually, in this Action.

1. Mayor ANN JOHNSTON

2. Vice Mayor KATHERINE M. MILLER – District 2

3. District 1 Councilmember, ELBERT H. HOLMAN, JR.

4. District 3 Councilmember, LESLIE BARANCO MARTIN

5. District 4 Councilmember, DIANE LOWERY

6. District 5 Councilmember, SUSAN TALAMANTES EGGMAN

7. District 6 Councilmember, DALE FRITCHEN

## INTRODUCTION AND OPENING STATEMENT

1. This action is brought by " Plaintiff," Terrylyn McCain, hereinafter, "Plaintiff," against STATE Officials <u>acting</u> under color of State law, for civil rights violations involving non-compliance, wrongful arrest, wrongful detention, torture, domestic terrorism, threats of physical damage, permanent mental damage, emotional distress, defamation, embarrassment, humiliation, impairment of reputation, excessive extortion fees, theft of property, trespass, and denied "Plaintiff" Her "Right to Liberty" on a public right of way in which to provide life essentials for her family. At all times relevant herein, the Defendants, all city officials, <u>acting as,</u> employees, and their agents <u>acting</u> under color of state law and outside the scope of their jurisdiction and authority, willfully caused "Plaintiff " a damage, deprivation of rights, physical, and mental injury, and in so doing, violated clearly established law as those laws apply to "Plaintiff" rights protected under the Bill of Rights, particularly under the 1st, 4th, 5th, 6th, 8th, Articles of the Bill of Rights (Amendments) and pertinent to the 14th Amendment to the Constitution of the united states of America. Be it known, each of the city officials herein have sworn an "Oath of Office" in regards to their duties, and therefore, each of their <u>acts</u> under "Color of State Law," equates to criminal conspiracy under Section 1985, working in concert, while in non-compliance, gross misrepresentation and deceptive trade practices is unlawfully receiving an income derived, directly or indirectly, from a pattern of unlawful activity.

## II.   JURISDICTION AND VENUE

2. All allegations set forth in paragraph 1 are incorporated herein its entirety by reference.

3. "Plaintiff" brings this action pursuant to Title 42 USC Section 1983, 1985, 1986, 1988, and invokes the jurisdiction of this court pursuant to Title 28 USC Section 1343 (A), (3), (4), and Title 28 USC Section 1331, and pertinent to the 14th amendment, Title 42 USC Section 1983, and the Civil Rights Act of 1870, Section 6, "rights protected under the Bill of Rights, particularly under the 1st, 4th, 5th, 6th, 8th, Article of the Bill of Rights (Amendments) and pertinent to the 14th Amendment to the Constitution of the united states of America, and Title 18 USC Chapter 13 Section 241 – Conspiracy against rights, Title 18, Chapter 13 Section 242 – Deprivation of rights under the color of law, Title 18 USC Chapter 4 – Misprision of Felony, Title 42 USC Section-20000d-7, Receiving Federal Funds.

## III   PARTIES

4. All allegations set forth in paragraph 1 and 3 are incorporated herein in its entirety by reference.

5. **"Plaintiff,"** Terrylyn McCain, hereinafter, "Plaintiff" at all times relevant herein, lives on San Joaquin County, California state. "Plaintiff," has lived on California since birth.

6. **Defendant,** STOCKTON, CITY OF, hereinafter, STOCKTON, CITY OF, is a Municipal Corporation, Chartered, a private Corporation for profit, within SAN JOAQUIN COUNTY in the CALIFORNIA, STATE OF, within geographical boundaries of the Republic of California at all times relevant, to this complaint, it either directly or indirectly controlled, trained, made policy for, employed, supervised, compensated, enriched, or rewarded, Defendants herein, for these actions on the day of November 03, 2010, on or about 3:45 pm, and November 16, 2010, on or about 11:00

am, thereafter, STOCKTON, CITY OF dba aka POLICE DEPARTMENT, STOCKTON, is being sued as a person.

7. **Defendant**, REYNOSA, # 1058, hereinafter, REYNOSA, at all times relevant, to this complaint, is a sergeant, <u>acting</u> in an official capacity for the STOCKTON, CITY OF, POLICE DEPARTMENT, STOCKTON, and an unknown resident of SAN JOAQUIN COUNTY, acting in such capacity as agent, servant, and/or, employee of, STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, REYNOSA is being sued in his individual capacity.

8. **Defendant**, ADAR, # 2193, hereinafter, ADAR, at all times relevant, to this complaint, is <u>acting</u> as an officer in an official capacity for the STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, and an unknown resident of SAN JOAQUIN COUNTY, acting in such capacity as agent, servant, and/or, employee of, STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, ADAR is being sued in his individual capacity.

9. **Defendant**, TEAQUE, # 2015, hereinafter, TEAQUE, at all times relevant, to this complaint, is is <u>acting</u> as an officer in an official capacity for the STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, and an unknown resident of SAN JOAQUIN COUNTY, acting in such capacity as agent, servant, and/or, employee of, STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, TEAQUE is being sued in his individual capacity.

10. **Defendant**, GONZALES, # 1516, hereinafter, GONZALES, at all times relevant, to this complaint, is <u>acting</u> as an officer in an official capacity for the STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, and an unknown resident of SAN JOAQUIN COUNTY, acting in such capacity as agent, servant, and/or, employee of, STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, GONZALES is being sued in his individual capacity.

12. **Defendant**, EVANGELINA DURAN dba aka BROWNIES TOWING hereinafter, EVANGELINA DURAN dba aka BROWNIES TOWING at all times relevant, to this complaint, is acting in concert, as an agent for the Defendant, STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, and a resident of SAN JOAQUIN COUNTY, acting in concert, and such capacity as agent, servant, and/or employee of Defendant, STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, EVANGELINA DURAN dba aka BROWNIES TOWING is being sued in their individual capacity.

13. **Defendant,** JOHN DOE # 1, hereinafter, JOHN DOE # 1, at all times relevant, to this complaint is an employee, agent, servant, tow truck driver, for the EVANGELINA DURAN dba aka BROWNIES TOWING, an unknown resident of SAN JOAQUIN COUNTY, acting in such capacity, and in concert, as agent, servant, assigns, and/or employee of Defendant, EVANGELINA DURAN dba aka BROWNIES TOWING. JOHN DOE # 1, is being sued in his individual capacity.

14. **Defendant**, HUGHES, # 1077, hereinafter, HUGHES, at all times relevant, to this complaint, is acting as an officer in an official capacity for the STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, and an unknown resident of SAN JOAQUIN COUNTY, acting in such capacity as agent, servant, and/or, employee of, STOCKTON, CITY OF, aka dba POLICE DEPARTMENT, STOCKTON, HUGHES is being sued in his individual capacity.

## IV   STATEMENT OF FACTS

15. All allegations set forth in paragraph 1 through 14 are incorporated herein by reference.

16. All factual allegations herein this complaint began on November 03, 2010 on or about 3:45 pm and November 16, 2010, on or about 11:00 am continues until present.

17. All allegations, injury and damage alleged in this complaint are on going and continue unless otherwise stated.

18. On November 03, 2010, on or about 3:45 pm, " Plaintiff," was heading east on Quail Lakes,

19. Plaintiff's conveyance is a 2006 White Ford Diesel 4X4 conveyance,

20. Plaintiff had not relinquished ownership of Her private property,

21. Plaintiff has in Her possession a "Lawful Bill of Sale," as proof of Her sole ownership of Her private property (conveyance),

22. Plaintiff's has a lawful title for Her property,

23. Plaintiff's private property (conveyance) was paid for with silver,

24. On November 03, 2010, on or about 3:45 pm, Plaintiff was not operating Her private conveyance in Commerce,

25. On November 03, 2010, on or about 3:45 pm, Plaintiff was not Hauling Passengers or Cargo for Hire,

26. On November 03, 2010, on or about 3:45 pm, Defendant REYNOSA, perpetrated a fraud when he, deceived Plaintiff into thinking there was an emergency,

27. he falsely created the illusion of an emergency, by

28. DRIVING his CITY, patrol car close behind Plaintiff's private conveyance and

29. activated his Emergency Red lights, therefore

30. Plaintiff pulled off the right of way and stopped on SANDPIPPER COURT,

31. Defendant REYNOSA exited his patrol car,

32. Plaintiff exited Her private conveyance,

33. Defendant REYNOSA was armed and dangerous,

34. and Plaintiff feared for Her life,

35. Plaintiff was not free to leave,

36. Defendant REYNOSA deprived Plaintiff Her right of Liberty,

37. Defendant REYNOSA demanded Plaintiff, give him, evidence against Herself,

38. Plaintiff complied,

39. Defendant ADAR arrived,

40. Defendant ADAR was armed and dangerous,

41. and Plaintiff feared for Her life,

42. Plaintiff was not free to leave,

43. Defendant ADAR deprived Plaintiff Her right of Liberty,

44. Defendant REYNOSA did not witness a crime,

45. Defendant ADAR did not witness a crime,

46. Plaintiff was not involved in any criminal activity before, during or after November 03, 2010,

47. Defendant REYNOSA ordered Plaintiff's private property conveyance to be towed,

48. with intent to damage, injure, and deprive Plaintiff of Her property,

49. absent a Fourth Amendment Warrant or privilege to do so,

50. Defendants TEAQUE and GONZALES arrived and <u>all acting</u> officers were armed and dangerous,

51. and Plaintiff feared for Her life,

52. Plaintiff's friend Patty arrived,

53. Plaintiff was not free to leave,

54. Defendants REYNOSA, ADAR, TEAQUE and GONZALES deprived Plaintiff Her right of Liberty,

55. Defendant TEAQUE demanded Plaintiff, give him, evidence against Herself,

56. Plaintiff complied,

57. Plaintiff demanded to be taken before a judge immediately,

58. Defendant ADAR said it's too late for a judge, we can't do that,

59. Defendant TEAQUE took Plaintiff's fingerprint,

60. over Her objection, against Her will, without Her consent,

61. Defendant GONZALES took Plaintiff's photo,

62. over Her objection, against Her will, without Her consent,

63. a tow truck arrived from BROWNIES TOWING,

64. over Plaintiff objection, against Plaintiff's will, and without Plaintiff's consent,

65. Plaintiff was forced to remove Her two dogs from Her private property conveyance,

66. Defendant, JOHN DOE #1, searched Her property,

67. seized and removed Plaintiff's property from where she parked it,

68. absent a Forth Amendment Warrant, over Her objection, against Her will, without Her consent,

69. into Defendant, JOHN DOE'S #1 private possession and onto his tow truck,

70. therefore depriving Plaintiff of Her private property conveyance,

71. Defendant, JOHN DOE #1 has no privilege to deprive Plaintiff of Her private conveyance,

72. under "color of state law", JOHN DOE #1, acted in concert with Defendants, and caused Plaintiff the damage alleged herein,

73. Plaintiff's property is valued at about $34,000.00,

74. Plaintiff does not have a Contract with the Corporation CALIFORNIA, STATE OF, for a known document called a "Driver's License,"

75. Plaintiff's property is not registered as a motor vehicle with the Corporation, CALIFORNIA STATE OF,

76. on November 16, 2010 about 11:00am, Plaintiff went down to CITY OF , STOCKTON, POLICE DEPARTMENT, STOCKTON,

77. Plaintiff presented Her lawful "Bill of Sale" for Her private conveyance,

78. Defendant, HUGHES arrested and handcuffed Plaintiff,

79. Plaintiff was not free to leave,

80. Plaintiff demanded to see a Fourth Amendment Warrant signed by a judge,

81. Defendant, HUGHES said, it was on the computer,

82. Plaintiff demanded again to see a Fourth Amendment Warrant signed by a judge.

83. Allen Bonnifield third party witness, demanded to see a Fourth Amendment Warrant signed by a judge,

84. Defendant, HUGHES said, it's on the computer,

85. Over her objection, against Plaintiff's will and without her consent HUGHES removed Plaintiff from where she was standing,

86. Defendant, HUGHES took possession of Her personal property, handbag, without Her consent,

87. Defendant, HUGHES forced Her into a back hallway.

88. Defendant, HUGHES searched Plaintiff over Her objection, against Her will, without Her consent,

89. Defendant, HUGHES locked Plaintiff, in a holding cell,

90. Defendant, HUGHES imprisoned Plaintiff for more then one hour,

91. Defendant, HUGHES handcuffed Plaintiff and forced Her into the back seat of a patrol car,

92. Defendant, HUGHES, and another male officer, transported Plaintiff to the SAN JOAQUIN COUNTY JAIL,

93. where Plaintiff was tortured and suffered excruciating pain at the hands of three deputies,

94. locked in a freezing cold solitary confinement cell,

95. without Her coat, boots, socks or Her hat,

96. refused Plaintiff a phone call,

97. after four hours absent being charged with a crime,

98. a female deputy released Plaintiff from the freezing cold solitary confinement cell,

99. Plaintiff was released absent bail,

100. female deputy gave Plaintiff Her clothes to get dressed,

100. Plaintiff inquired, "what about the $20,000.00 bail Defendant HUGHES said Plaintiff has to pay?"

101. female deputy said "there's no bail and we cannot hold you,"

102. at 4:15 pm, Plaintiff called Allen Bonnifield to pick Her up from the SAN JOAQUIN COUNTY JAIL.

## V   CONCLUSION

103. All allegations set forth in paragraph 1 through 102 are incorporated herein its entirety by reference.

104. As guaranteed by the Bill of Rights, 1st, 4th, 5th, 6th, 8th, pertinent to the 14th Amendment of the Constitution of the united states of America, Plaintiff has a right to Life, Liberty and Property,

105. Plaintiff has the right to travel on the public right of ways, in which to provide life's essentials for Her family, without being terrorized by corporate employees acting as "Tort Feasors" for the STATE.

## VI   RIGHT OF ACTION

106. All paragraphs set forth in paragraph 1 through 105 are incorporated herein, by reference.

107. On November 03, 2010, Plaintiff was stopped on a public right of way, compelled to vacate Her property, terrorized, in fear of Her life, held captive, not free to leave, had Her property searched and seized, when Plaintiff has a lawful "Bill of Sale" for Her private property conveyance, charged with numerous administrative traffic infractions; when Plaintiff has "NO" Contract with the CALIFORNIA, STATE OF.

108. On November 03, 2010, on or about 3:45 pm, Plaintiff was enjoying the right to travel on the public right of ways in Her private conveyance, 2006 white Ford 4X4 Diesel, when she was stopped by Defendant REYNOSA, minutes later, Defendant ADAR, Defendant TEAQUE, and then Defendant GONZALES. Defendants were shown a lawful "Bill of Sale," Plaintiff's property was seized and removed by a third party, Defendant JOHN DOE #1, employee working for Defendant EVANGELINA DURAN aka dba BROWNIES TOWING. Plaintiff does not have a Contract with CALIFORNIA, STATE OF.

109. On November 16, 2010 about 11:00 am, Plaintiff went down to POLICE DEPARTMENT, STOCKTON. Plaintiff presented Her lawful "Bill of Sale" to Defendant HUGHES for Her private conveyance only to be arrested, handcuffed, imprisoned, and later tortured, absent a Fourth Amendment Warrant signed by a judge.

110. POLICE DEPARTMENT, STOCKTON aka dba STOCKTON, CITY OF, as a policy and custom, neglected to train, supervise, control, correct the abuse of authority, or curtail the outrageous conduct, or discourage the unlawful abuse of authority, by Defendants, REYNOSA, ADAR, TEAQUE, GONZALES, HUGHES, EVAGELINA DURAN aka dba BROWNIES TOWING, and JOHN DOE #1, including failure to give them proper instructions and education as applicable to the inalienable "Rights of Plaintiff," which are guaranteed by the Bill of Rights particularly the 1st, 4th, 5th, 6th, 8th, pertinent to the 14th Amendment, on the "Right to Liberty". The Defendants, <u>acting</u> under the color of state law, out of their scope of authority, in non compliance, individually, and through their conspiracy with one another in accordance to official policy and procedure of the CALIFORNIA, STATE OF, POLICE DEPARTMENT, STOCKTON, aka dba STOCKTON, CITY OF, and EVANGELINA DURAN aka dba BROWNIES TOWING, working in concert unlawfully receiving an income derived, directly or indirectly, from a pattern of unlawful activity.

## VII     FEDERAL CAUSES OF ACTION

111. All allegations set forth in paragraphs 1 through 110 are incorporated herein by reference.

112. **Federal Causes of Action, on November 03, 2010 on or about 3:45 pm**, the herein described actions, engaged in under color of state law, and working in concert while in non-compliance with rules of agency and non-compliance with fiduciary duties to the public and responsible because of its authorization, condonation, appropriated wrongfully, gross misrepresentation, deceptive trade practices and ratification thereof, for the acts by the Defendants, REYNOSA, ADAR, TEAQUE, GONZALES, EVANGELINA DURAN aka dba BROWNIES TOWING, JOHN DOE #1, and HUGHES are being sued in their individual capacity.

113. POLICE DEPARTMENT, STOCKTON, aka dba STOCKTON, CITY OF, as a policy and custom, neglected to train, supervise, control, correct the abuse of authority, or curtail the outrageous conduct, or discourage the unlawful abuse of authority by Defendants, REYNOSA, ADAR, TEAQUE, GONZALES, HUGHES, EVAGELINA DURAN aka dba BROWNIES TOWING, and JOHN DOE #1, including failure to give them proper instructions and education as applicable to the inalienable "Rights of Plaintiff," which are guaranteed by the Bill of Rights particularly the 1st, 4th, 5th, 6th, 8th, pertinent to the 14th Amendment, on the "Right to Liberty." POLICE DEPARTMENT, STOCKTON, aka dba STOCKTON, CITY OF, is being sued as a person.

114. **FIRST CAUSE OF ACTION**, as officers, <u>acting</u> as, employees, servants, assigns, and agents, who deprived the Plaintiff of Her rights secured to Her by the Bill of Rights including the right to travel on the public right of ways, but not limited to her First (1st) Amendment right to freedom of expression and redress of grievance, which was denied by Defendants, when the Defendants go in disguise upon the highway, <u>acting</u> under the color of state law, falsely created

an illusion of emergency, took control and possession of Plaintiff, searched Plaintiff's property without redress of grievance operating outside their jurisdiction and scope of authority.

115. **SECOND CAUSE OF ACTION**, as officers, <u>acting</u> as, employees, servants, assigns, and agents, who deprived the Plaintiff of Her rights secured to Her by the Bill of Rights including the right to travel on the public right of ways, but not limited to Her Fourth (4th) Amendment right to be free from unlawful search, seizure, detention of her person, secure in Her conveyance, papers, and effects from unreasonable searches, terrorized and unprovoked attacks, absent a Fourth Amendment Warrant signed by a judge, and absent an Affidavit of Complaint signed under penalty of perjury by a competent witness; by the above Defendants <u>acting</u> under the color of state law held Plaintiff against Her will, over Her objection, without Her consent and deprived Plaintiff of Her conveyance without the privilege to do so.

116. **THIRD CAUSE OF ACTION**, as officers, <u>acting</u> as, employees, servants, assigns, and agents, who deprived the Plaintiff of Her rights secured to Her by the Bill of Rights including the right to travel on the public right of ways, but not limited to Her Fifth (5th) Amendment, pertinent to Fourteenth (14th) Amendment right to be subject to or answer to a crime absent an indictment from a Grand Jury, nor be deprived of life, liberty, or property, without due process of law, nor shall Plaintiff's private property conveyance be taken without just compensation. Plaintiff is denied equal protection of the law, and Her right to be free from terror and fear of unjustified arrest, searches and seizure by the above Defendants <u>acting</u> under the color of state law without the privilege to do so.

117. **FOURTH CAUSE OF ACTION**, as officers, <u>acting</u> as, employees, servants, assigns, and agents, who deprived the Plaintiff of her rights secured to Her by the Bill of Rights including the right to travel on the public right of ways, but no limited to her Sixth (6th) Amendment right to be informed of the nature and cause of the charges against Plaintiff, be confronted with the

witness against her, a crime shall have been committed. Plaintiff did not commit a crime on November 03, 2010 on or about 3:45 pm, when stopped by Defendants REYNOSA, ADAR, TEAQUE, GONZALES, and Her private property unlawfully removed by EVANGELINA DURAN aka dba BROWNIES TOWING and JOHN DOE #1. Plaintiff did not commit a crime on or before November 16, 2010, on or about 11:00 am, when arrested, handcuffed, imprisoned, and transported to SAN JOAQUIN COUNTY JAIL by Defendant HUGHES.

118. **FIFTH CAUSE OF ACTION**, as officers, <u>acting</u> as, employees, servants, assigns, and agents, who deprived the Plaintiff of Her rights secured to Her by the Bill of Rights including the right to travel on the public right of ways, but not limited to her Eighth (8th) Amendment Right against cruel and unusual punishments inflicted. Plaintiff suffered physical and emotional, cruel and unusual punishment at the hand of Defendants, REYNOSA, ADAR, TEAQUE, GONZALES, EVANGELINA DURAN aka bda BROWNIES TOWING, JOHN DOE #1 and HUGHES. Plaintiff will be charged extortion fees by a third party, for recovery of Her private property conveyance unlawfully removed by EVANGELINA DURAN aka dba BROWNIES TOWING JOHN DOE #1, on November 03, 2010, on or about 3:45 pm.

**WHEREFORE:** The Plaintiff demands judgment against Defendants, jointly and severally as Defendants violated the Bill of Rights, First (1st), Fourth (4th), Fifth (5th), Sixth (6th), Eighth (8th) pertinent to the (14th) Amendment; Defendants denied Plaintiff's right to travel on the public right of ways, deprived Plaintiff of Her private property. Defendants deprived Plaintiff of Life, Liberty and Property.

**A DECLARATORY JUDGMENT FOR:**

(a) Ten Million Dollars ($10,000,000.00) for violation of my rights guaranteed by the Bill of Rights and the right to travel on the public right of ways;

(b) Declaratory judgment for compensation, search, impound and daily fee of one thousand dollar ($1,000.00) per day from third party Defendant EVANGELNA DURAN aka dba BROWNIES TOWING for deprivation of property, 2006 White Ford 4X4 Diesel seized from Plaintiff;

(c) Declaratory judgment for cost of disbursement, research, and time incurred for this action;

(d) Declaratory judgment for false arrest;

(e) Three Hundred and seventy-five thousand dollars ($375,000.00) for five hours of imprisonment, deprivation of Plaintiff's freedom.

(f) All attorney fees in processing this action pursuant to Title 42 U.S.C. Section 1988;

(g) All rights reserved and the right to amend complaint as needed;

(h) Plaintiff reserves the right to correct or update list of Defendants reflecting injuries due to Non-Compliance.

(i) <u>Declaratory judgment for Plaintiff's record to be totally expunged;</u> A151303 on November 03, 2010, on or about 3:45 pm, and Booking No.: 10-23740 on November 16, 2010, on or about 11:00 am, all fingerprints, photos, and report expunged from the INLET system.

(j) Such other and further relief as to the court deems proper.

Dated: November 23, 2010

<u>Trial by Jury is Hereby Demanded.</u>

Terrylyn McCain
4719 Quail Lakes Dr., Ste G, # 352
Stockton, California (95207)

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS
Page 17 of 18

## VERIFICATION

I have read the **COMPLAINT FOR DAMAGES, CIVIL RIGHTS VIOLATIONS, U.S.C. Title 42, Section 1983, 1985, 1986, 1988,** and know the contents thereof to be true; and the same is true of my own knowledge, except to the matters, which are therein stated on my information and belief, and as to those matters, I believe them to be true. The foregoing is true, correct, complete and not misleading.

Sealed by the voluntary act of My own hand on this ___23rd___ day of the ___11th___ month, in the Year of our Lord, two thousand and ten.

_____
Terrylyn McCain