IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRYLYN McCAIN,

        Plaintiff,                      No. CIV S-10-3170 JAM KJM PS

        vs.

STOCKTON POLICE DEP'T, et al.,

        Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff has moved for a writ of replevin, seeking the return of her vehicle which was impounded by the defendant police department.  The court will construe plaintiff's motion as temporary restraining order seeking affirmative relief.[1]  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to a hearing on a preliminary injunction.  It is apparent, however, that requests for temporary restraining orders that are <u>ex parte</u> and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.

---

[1] The motion is deficient under Local Rule 231 in that it was not served on all defendants and there is no showing of any attempt by plaintiff to provide actual notice to defendants.  For that reason alone, the motion should be denied.

1

1   See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist,

2   J.); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

3           The legal principles applicable to a request for preliminary injunctive relief are

4   well established.  "The traditional equitable criteria for granting preliminary injunctive relief are

5   (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to

6   plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff,

7   and (4) advancement of the public interest (in certain cases)."  Dollar Rent A Car v. Travelers

8   Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria traditionally are treated as

9   alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party

10  demonstrates 'either a combination of probable success on the merits and the possibility of

11  irreparable injury or that serious questions are raised and the balance of hardships tips sharply in

12  his favor.'"  Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting

13  William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir.

14  1975) (emphasis in original)).  The Ninth Circuit has reiterated that under either formulation of

15  the principles, if the probability of success on the merits is low, preliminary injunctive relief

16  should be denied:

17          Martin explicitly teaches that "[u]nder this last part of the
            alternative test, even if the balance of hardships tips decidedly in
18          favor of the moving party, it must be shown as an irreducible
            minimum that there is a fair chance of success on the merits."
19

20  Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting

21  Martin, 740 F.2d at 675).

22          Because plaintiff seeks affirmative relief, plaintiff's burden is even greater than

23  if she simply sought to preserve the status quo.  The allegations of the complaint indicate that

24  plaintiff was stopped by the police while operating a motor vehicle.  Complaint ¶¶ 18, 19, 26-32.

25  The vehicle at issue on this motion was not properly registered with the state and plaintiff was

26  operating a motor vehicle without a license.  Id. ¶¶ 74, 75.  Under these circumstances, it appears

1 impoundment of plaintiff's vehicle may have been proper and the likelihood of success on the
2 merits appears to be minimal.

3 Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for writ
4 of replevin, construed as a motion for temporary restraining order, be denied.

5 These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
7 fourteen days after being served with these findings and recommendations, any party may file
8 written objections with the court and serve a copy on all parties.  Such a document should be
9 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
10 objections shall be served and filed within fourteen days after service of the objections.  The
11 parties are advised that failure to file objections within the specified time may waive the right to
12 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: December 18, 2010.

_____
U.S. MAGISTRATE JUDGE

006
mccain-stocktonpolice.tro