IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRYLYN McCAIN,

        Plaintiff,                    No. CIV S-10-3170 JAM KJN (TEMP) PS

    vs.

STOCKTON POLICE DEP'T, et al.,

        Defendants.           ORDER

_____/

        This matter has been referred to the undesigned for pretrial management pursuant to Local Rule 302(c)(21). Plaintiff previously moved for a writ of replevin regarding plaintiff's vehicle (Dckt. No. 8), which the court construed as a motion for temporary restraining order. Findings and recommendations were filed December 20, 2010 (Dckt. No. 9), recommending that the motion be denied on the ground that it appeared impoundment of plaintiff's vehicle may have been proper and the likelihood of success on the merits appeared to be minimal.[1] The findings and recommendations were adopted by the district court and the petition for writ of replevin,

---

[1] Specifically, the court noted that "[t]he allegations of the complaint indicate that plaintiff was stopped by the police while operating a motor vehicle. Complaint ¶¶ 18, 19, 26-32. The vehicle at issue on this motion was not properly registered with the state and plaintiff was operating a motor vehicle without a license. Id. ¶¶ 74, 75. Under these circumstances, it appears impoundment of plaintiff's vehicle may have been proper and the likelihood of success on the merits appears to be minimal." (Dckt. no. 9 at 2:23-3:2.)

1

construed as a motion for temporary restraining order, was denied by order filed February 1, 2011. (Dckt. No. 22.)

Plaintiff has now filed a motion for leave to file an amended petition for writ of replevin. (Dckt. no. 14.) A review of the amended petition (Dckt. no. 15) demonstrates that plaintiff still complains of the impoundment of her vehicle. Plaintiff, however, has sanitized the petition of the allegations pertaining to the stopping of her motor vehicle by police, improper vehicle registration, and lack of a valid driver's license. The court takes judicial notice of the prior pleadings in this action under Federal Rule of Evidence 201 and concludes plaintiff has engaged in a transparent attempt to undermine the judicial process by setting forth an incomplete recitation of the facts in order to secure injunctive relief. The motion to file an amended petition will therefore be denied.[2]

On December 27, 2010, plaintiff filed a motion for default judgment against defendant Evangelina Duran, d/b/a Brownies Towing. (Dckt. No. 12.) The court notes that a request for entry of default has not been made by plaintiff. See Fed. R. Civ. P. 55(a). A review of the return of summons indicates the summons and complaint were left with an individual named "Stephanie Ortiz." (Dckt. No. 4.) There is no evidence before the court that this person is authorized to accept service on behalf of defendant Duran or that service is proper under Federal Rule of Civil Procedure 4. The motion for default judgment will accordingly be denied without prejudice.

On January 11, 2011, plaintiff filed a motion for leave to file an amended complaint. Under Federal Rule of Civil Procedure 15(a)(1)(B), leave of court is required to file an amended complaint because defendants Adar, Gonzales, Hughes, Reynosa, Teague and Stockton Police Department filed an answer on December 20, 2010. (Dckt. no 11.) The motion,

---

[2] The motion is deficient under Local Rule 231 in that it was not served on all defendants, and there is no showing of any attempt by plaintiff to provide actual notice to defendants. For that reason alone, the motion should be denied.

however, is deficient in that it was not served on defendants who have appeared in this action and has not been properly noticed for hearing. Plaintiff's motion to amend the complaint will therefore be denied without prejudice.

Plaintiff has filed numerous pleadings since commencement of this action. Many of the pleadings are not pertinent to issues before the court, such as the filing of deposition notices when that discovery is not the subject of a discovery motion,[3] or pertain to motions not properly noticed for hearing nor properly served on defendants.[4] The court will therefore limit plaintiff's future filings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave of court to file an amended petition for writ of replevin (Dckt. No. 14) is denied.

2. The hearing date of March 17, 2011 on plaintiff's motion for default judgment is vacated. The motion for default judgment (Dckt. No. 12) is denied without prejudice.

3. The status conference date of March 17, 2011, at 10:00 a.m., in courtroom no. 25 is confirmed. No later than March 10, 2011, the parties shall file status reports briefly describing the case and addressing the following:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. The report required by Fed. R. Civ. P. 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

---

[3] See Local Rule 250.1; Dckt. Nos. 23-29.

[4] See Local Rule 230; Dckt. nos. 12, 14, 20.

3

    g. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    h. Special procedures, if any;

    i. Estimated trial time;

    j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings.

  4. The motion to amend the complaint (Dckt. No. 20) is denied without prejudice.

  5. The multiplicity of plaintiff's filings are a burden on both the court and defendants and impede the proper prosecution of this action. Plaintiff's future filings shall therefore be limited. Plaintiff may only file the following documents:

    a. Proofs of service regarding summons;

    b. One opposition to any motion filed by defendants (and clearly titled as such);

    c. Only one motion pending at any time. Such motion must be properly noticed for hearing. Plaintiff is limited to one memorandum of points and authorities in support of the motion and one reply to any opposition;

    d. One set of objections to any findings and recommendations; and

    e. A status report (referenced in no. 3 above).

  Failure to comply with this order shall result in improper documents being stricken from the record and may result in a recommendation that this action be dismissed.

DATED: February 15, 2011

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mccain-stocktonpolice.cuo