IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRYLYN MCCAIN,

        Plaintiff,                    No. 2:10-cv-03170 JAM KJN (TEMP) PS

        v.

STOCKTON POLICE DEPARTMENT, et al,

        Defendant.              FINDINGS AND RECOMMENDATIONS

        Presently before the court is a two-page "Motion for Temporary Restraining Order and Preliminary Injunction Hearing" filed by plaintiff on March 21, 2011 (the "Motion").[1] (Motion, Dkt. No. 39.) The undersigned recommends that the Motion be denied.[2]

        As an initial matter, the undersigned recommends that the Motion be denied for the simple reason that the Motion does not request any specific relief from the court. The Motion is framed in general terms and seeks both a temporary restraining order and preliminary injunction, but does not actually specify what acts or potential acts by which of the named

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Plaintiff has previously filed two motions for temporary restraining orders in this action, both of which were denied. (Dkt. nos. 22, 36.)

1

defendants the temporary restraining order and preliminary injunction would restrain or enjoin. Although the Motion refers to affidavits that are purportedly attached to the Motion (Motion at 1:26 and 2:16), no such affidavits are actually attached to the Motion. For this reason alone, plaintiff's Motion should be summarily denied.

Additionally, plaintiff does not allege what irreparable harm she might suffer if a restraining order or preliminary injunction does not issue. The standard that governs the issuance of a preliminary injunction is "substantially identical" to the standard that governs the issuance of a temporary restraining order. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001); see also Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."); accord Cal. Independent Sys. Operator Corp v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). "A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008); accord Earth Island Institute v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010). Although plaintiff has not established that *any* of the four factors from Winter favor the grant of preliminary relief here, glaringly absent from the Motion is any showing by plaintiff that she is likely to suffer irreparable harm in the absence of preliminary relief. Although plaintiff uses legal buzzwords such as "immediate and irreparable injury or loss of life," those conclusory terms are not tethered to any facts that suggest that plaintiff is likely to suffer irreparable harm in the absence of emergency or preliminary relief. Accordingly, plaintiff's Motion should be denied as lacking substantive merit.

Finally, plaintiff's Motion does not comply with to the court's Local Rules. Eastern District Local Rule 231(c) provides, in part, that "[n]o hearing on a temporary restraining

order will normally be set unless" the party seeking emergency relief files documents with the request for relief that include: "a brief on all relevant legal issues presented by the motion"; "an affidavit in support of the existence of an irreparable injury"; "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given"; "a proposed temporary restraining order with a provision for a bond"; and "a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, amount of the bond, if any, and the date and hour of issuance."  See E. Dist. Local Rule 231(c)(3)-(7).  Plaintiff has filed none of these documents.  Accordingly, plaintiff's Motion is procedurally improper and should also be denied on procedural grounds.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction Hearing" (Dkt. No. 39) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

////

////

1       IT IS SO RECOMMENDED.

2 DATED: March 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mccain-stocktonpolice3.tro