1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRYLYN McCAIN,

11            Plaintiff,              No. CIV S-10-3170 JAM CKD PS

12      vs.

13   STOCKTON POLICE
     DEPARTMENT, et al.
14                                    ORDER AND
              Defendants.            FINDINGS AND RECOMMENDATIONS
15   _____/

16            Defendants Adair, Gonzalez, Hughes, Reynosa, Teague, and Stockton Police

17   Department's ("City Defendants") motion for judgment on the pleadings came on regularly for

18   hearing on September 28, 2011.  Plaintiff Terrylyn McCain, who is proceeding pro se, appeared

19   on her own behalf.  Marciana Arredondo appeared on behalf of the City Defendants.  No

20   appearance was made for the remaining defendant, Evangelina Duran dba Brownies Towing.

21   Also pending before the court is plaintiff's motion for a default judgment against defendant

22   Duran.  Upon review of the documents in support and opposition to the motions, upon hearing

23   the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS

24   AS FOLLOWS:

25   \\\\

26   \\\\

1

1 | BACKGROUND

2 |         This civil rights action arises from a traffic stop resulting in impoundment of

3 | plaintiff's vehicle, as well as her subsequent arrest.  On November 3, 2010, at approximately

4 | 3:45 p.m., plaintiff was driving eastward on "Quail Lakes" in her 2006 White Ford Diesel 4x4

5 | (the "Vehicle").  (See First Amended Complaint For Damages, Dkt. No. 33 ["FAC"] ¶¶ 18-19.)

6 | It appears from plaintiff's somewhat confusing allegations that defendant Reynosa pulled

7 | plaintiff over by activating his patrol car's emergency lights.  (FAC ¶¶ 26-30.)  Plaintiff's vehicle

8 | had no license plates, and plaintiff admits in her complaint that the Vehicle was not registered.

9 | (FAC ¶ 75.)  Subsequently, other police officers, defendants Adair, Gonzalez, and Teague,

10 | arrived at the scene.  (FAC ¶¶ 39-50.)  Plaintiff failed to produce a driver's license, which she

11 | admits she does not have.  (FAC ¶ 74.)  Plaintiff's photo and fingerprints were taken, and a tow

12 | truck was called.  (FAC ¶ 47, 59-62.)  When the tow truck from Brownies Towing arrived, the

13 | Vehicle was searched, towed away, and impounded.  (FAC ¶¶ 63-70.)  Plaintiff was apparently

14 | not arrested at that time.

15 |         On November 16, 2010, at approximately 11:00 a.m., plaintiff went to the

16 | Stockton Police Department and presented the bill of sale for the Vehicle in an attempt to get it

17 | back.  (FAC ¶¶ 76-77.)  At that time, defendant Hughes arrested plaintiff pursuant to a bench

18 | warrant that had been issued by the San Joaquin County Superior Court.  (FAC ¶¶ 78-85;

19 | Defendants' Request for Judicial Notice ["RJN"] Ex. B.)  Plaintiff was searched, locked in a

20 | holding cell for more than an hour, and then handcuffed and transported to the San Joaquin

21 | County Jail.  (FAC ¶¶ 86-92.)  There, plaintiff alleges, she was "tortured" and "suffered

22 | excruciating pain" at the hands of three unknown deputies.  (FAC ¶ 93.)  She was locked in a

23 | "freezing cold solitary confinement cell" without her coat, boots, socks, or hat, and was refused a

24 | phone call.  (FAC ¶¶ 94-96.)  After four hours, plaintiff was released without bail.  (FAC ¶¶ 97-

25 | 103.)

26 | \\\\\

2

On November 23, 2010, plaintiff filed her initial complaint in this action, to which City Defendants filed an answer on December 20, 2010.  (Dkt. Nos. 1, 11.)  On January 11, 2011, plaintiff filed a motion to amend her complaint along with a first amended complaint, but failed to properly notice the hearing or serve any of the defendants.  (Dkt. Nos. 20, 21.)  Accordingly, the motion was denied without prejudice.  (Dkt. No. 30.)[1]  Subsequently, on March 2, 2011, plaintiff again filed a motion to amend her complaint (without noticing it for hearing) along with a proposed first amended complaint.  (Dkt. Nos. 32, 33.)  After a scheduling conference, during which it was stipulated that the City of Stockton could be added as a defendant, plaintiff's motion was granted and the action proceeded on the operative FAC.  (Dkt. No. 38.)[2]  The court made clear that no further joinder of parties or amendment to pleadings would be permitted except with leave of court and upon a showing of good cause.  (Dkt. No. 38.)

The FAC contains five causes of action for violation of plaintiff's rights under the (1) First and Fourteenth Amendments[3]; (2) Fourth and Fourteenth Amendments; (3) Fifth and Fourteenth Amendments; (4) Sixth and Fourteenth Amendments; and (5) Eighth and Fourteenth Amendments.  (FAC ¶¶ 116-120.)  In each of these causes of action, plaintiff also alleges that she has been deprived of her "right to travel on the public right of ways."  (FAC ¶¶ 116-120.)  The court construes these causes of action as being brought pursuant to 42 U.S.C. § 1983.  Additionally, plaintiff generally alleges liability under multiple other statutes, including 42

---

[1] At that time, the court noted that plaintiff had filed numerous pleadings since the commencement of the action, including deposition notices and motions that were not properly noticed for hearing or served on defendants.  As such, the court imposed limits on plaintiff's future filings.  (See Dkt. No. 30.)

[2] The answer previously filed by the Stockton Police Department and the individual officers deemed an answer on behalf of the City of Stockton.

[3] The Due Process Clause of the Fourteenth Amendment incorporates most of the Bill of Rights (including most provisions of the First, Fourth, Fifth, Sixth, and Eighth Amendments) and makes it applicable to the states and local governments.  See Daniels v. Williams, 474 U.S. 327, 337 (1986); Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 847 (1992); Oliver v. U.S, 466 U.S. 170, 187 (1984).

1   U.S.C. §§ 1985, 1986, 1988; 18 U.S.C. §§ 4, 241, 242; and 42 U.S.C. § 2000d-7.  (FAC ¶ 3.)

2   The parties' filings indicate that a significant amount of written discovery and depositions has

3   already been completed.

4   DISCUSSION

5                    CITY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

6                    "After the pleadings are closed – but early enough not to delay trial – a party may

7   move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Because the motions are

8   functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to

9   its Rule 12(c) analog."  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir.1989).

10  Dismissal may be granted where there is no cognizable legal theory or lack of sufficient facts

11  alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

12  (9th Cir.1990).  In considering a motion for judgment on the pleadings, the Court accepts all

13  factual allegations in the complaint as true and must construe them in the light most favorable to

14  the non-moving party.  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).  "[A] judgment on

15  the pleadings is appropriate when, even if all allegations in the complaint are true, the moving

16  party is entitled to judgment as a matter of law."  Westlands Water Dist. v. Firebaugh Canal, 10

17  F.3d 667, 670 (9th Cir.1993).

18                    Request for Judicial Notice

19                    City Defendants filed a request for judicial notice along with their motion.  (Dkt.

20  No. 54-3.)  Although a court generally is confined to the pleadings on a Rule 12(c) motion, it can

21  also consider facts which may be judicially noticed.  Mullis v. United States Bankruptcy Ct., 828

22  F.2d 1385, 1388 (9th Cir. 1987).  "A judicially noticed fact must be one not subject to reasonable

23  dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court

24  or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot

25  reasonably be questioned."  Fed. R. Evid. 201(b).  Consideration of these documents outside the

26  complaint will not convert the motion into a motion for summary judgment.  United States v.

4

1   Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

2              Here, the court takes judicial notice of Exhibit B (a bench warrant), Exhibit D (a

3   printout from the records of the Department of Motor Vehicles) and Exhibits E, F, and G (minute

4   orders from San Joaquin Superior Court), because these are public records whose accuracy

5   cannot reasonably be questioned.  See Mack v. South Bay Beer Distributors, 798 F.2d 1279,

6   1282 (9th Cir. 1986), abrogated on other grounds, Astoria Fed. Sav. Etc. v. Solimino, 501 U.S.

7   104 (1991).  The court will not take judicial notice of Exhibit A, which consists of alleged photos

8   of the Vehicle taken by the Stockton Police Department and is not the proper subject of judicial

9   notice.  Furthermore, the court declines to take judicial notice of Exhibit C (a police report).

10  Although administrative reports are usually the proper subject of judicial notice, the Ninth

11  Circuit has suggested that courts should not take judicial notice of police reports.  Ritchie, 342

12  F.3d at 909.  Based on the FAC and plaintiff's opposition, it is clear that plaintiff disputes some

13  of the statements in the police report, and judicial notice would be improper.

14             Finally, the court declines to consider the Declaration of Marci A. Arredondo.

15  (Dkt.No. 54-2.)  This declaration attempts to establish facts related to counsel's observations at

16  depositions conducted in this matter.  Because these proffered facts are wholly extraneous to the

17  FAC and not the proper subject of judicial notice, the court will not consider them for purposes

18  of this motion.

19                                  Section 1983 Claims

20             To state a claim under section 1983, a plaintiff must allege that:  (1) defendant

21  was acting under color of state law at the time the complained of act was committed; and (2)

22  defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

23  Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

24  (1988).  Here, there is no dispute that the individual officers were acting under color of state law.

25  West, 487 U.S. at 50 ("generally, a public employee acts under color of state law while acting in

26  his official capacity or while exercising his responsibilities pursuant to state law.")  Instead, City

                                        5

1  Defendants contend that the FAC fails to allege facts that suggest that the individual officers

2  violated plaintiff's constitutional rights.

3          In regards to plaintiff's claims against the Stockton Police Department and the

4  City of Stockton, these claims must satisfy the requirements of Monell v. New York City Dep't

5  of Social Services, 436 U.S. 658, 691 (1978).  Since there is no respondeat superior liability

6  under § 1983, counties and municipalities may be sued under § 1983 only upon a showing that an

7  official policy or custom caused the constitutional tort.  Id.  Plaintiff has alleged in conclusory

8  fashion that the Stockton Police Department and/or City of Stockton "as a policy and custom,

9  neglected to train, supervise, control, correct the abuse of authority, or curtail the outrageous

10 conduct, or discourage the unlawful abuse of authority" by the individual officers.  (FAC ¶ 111.)

11 However, because any Monell claim here necessarily rests on underlying constitutional violations

12 by the individual officers, the court first evaluates whether plaintiff has stated a claim for any

13 such constitutional violations.

14              First Cause of Action for Violation of First Amendment Rights

15          The First Amendment to the United States Constitution provides that:

16          Congress shall make no law respecting an establishment of
            religion, or prohibiting the free exercise thereof; or abridging the
17          freedom of speech, or of the press; or the right of the people
            peaceably to assemble, and to petition the Government for a
18          redress of grievances.

19 U.S. CONST. amend. I.

20          Although plaintiff contends that she was deprived of her First Amendment "right

21 to freedom of expression and redress of grievance," all her allegations related to this cause of

22 action concern the stop and search of plaintiff and her Vehicle.  None of the facts alleged by

23 plaintiff even remotely implicates her First Amendment rights, and this cause of action is clearly

24 frivolous.  Because it is unlikely that plaintiff will be able to allege a First Amendment violation

25 in this action challenging the search and seizure of her Vehicle, and her subsequent arrest, this

26 cause of action should be dismissed without leave to amend.

6

1        <u>Second Cause of Action for Violation of Fourth Amendment Rights</u>

2        Although the allegations related to this cause of action are somewhat confusing,

3    plaintiff essentially claims that her Fourth Amendment rights were violated when she was

4    stopped and her Vehicle searched and impounded without a warrant on November 3, 2010.

5        The Fourth Amendment provides that:

6        The right of the people to be secure in their persons, houses,
         papers, and effects, against unreasonable searches and seizures,
7        shall not be violated, and no Warrants shall issue, but upon
         probable cause, supported by Oath or affirmation, and particularly
8        describing the place to be searched, and the persons or things to be
         seized.

9

10   U.S. CONST. amend. IV.  The United States Supreme Court has held that, in the Fourth

11   Amendment context, the expectation of privacy as to automobiles is reduced.  "Automobiles,

12   unlike homes, are subjected to pervasive and continuing governmental regulation and controls,

13   including periodic inspection and licensing requirements.  As an everyday occurrence, police

14   stop and examine vehicles when license plates or inspection stickers have expired, or if other

15   violations ... are noted ...."  <u>South Dakota v. Opperman</u>, 428 U.S. 364, 368 (1976).

16       A warrantless traffic stop is permissible under the Fourth Amendment "where the

17   police have probable cause to believe a traffic violation has occurred."  <u>Wren v. U.S.</u>, 517 U.S.

18   806, 810 (1996).  Indeed, a traffic stop may be supported by "reasonable suspicion" rather than

19   probable cause.  <u>U.S. v. Thomas</u>, 211 F.3d 1186, 1189 (9th Cir. 2000); <u>U.S. v. Lopez-Soto</u>, 205

20   F.3d 1101, 1104 (9th Cir. 2000).  Furthermore, "[t]he authority of police to seize and remove

21   from the streets vehicles impeding traffic or threatening public safety and convenience is beyond

22   challenge."  <u>Opperman</u>, 428 U.S. at 369.  Impoundment is proper when "the driver's violation of

23   a vehicle regulation prevents the driver from lawfully operating the vehicle...."  <u>Miranda v. City</u>

24   <u>of Cornelius</u>, 429 F.3d 858, 865 (9th Cir. 2005).  Additionally, "[a]n inventory search of the

25   stopped vehicle is permissible and acceptable police operating procedure if it is made in good

26   faith compliance with reasonable police regulations.  <u>U.S. v. Bass</u>, 325 F.3d 847, 850 (2003); <u>see</u>

7

1  also Colorado v. Bertine, 479 U.S. 367, 374 (1987) (holding that officer's search of closed

2  backpack in car, initiated after arrest but before the tow truck arrived, was a proper inventory

3  search).

4          Here, plaintiff was pulled over for driving without proper license plates and did

5  not produce a valid driver's license upon request.  Plaintiff admits in the FAC that the Vehicle

6  was not registered and that she does not have a current driver's license.  (FAC ¶¶ 74, 75.)

7  Therefore, not only was the traffic stop reasonable under the Fourth Amendment, but the officers

8  were also justified in impounding plaintiff's vehicle under the facts alleged.  California Vehicle

9  Code section 14602.6(a)(1) states:

10              Whenever a peace officer determines that a person was driving a
                vehicle while his or her driving privilege was suspended or
11              revoked ... the peace officer may either immediately arrest that
                person and cause the removal and seizure of that vehicle....
12

13  Cal. Veh. Code § 14602.6(a)(1).  The California statute is entirely consistent with the Fourth

14  Amendment, which allows impoundment of the vehicle when "the driver's violation of a vehicle

15  regulation prevents the driver from lawfully operating the vehicle...."  Miranda, 429 F.3d at 865.

16  Consequently, the officers were entitled to have plaintiff's Vehicle towed and to conduct an

17  inventory search of the Vehicle associated with the impoundment.

18          Additionally, if plaintiff bases her claim for violation of the Fourth Amendment

19  on the search of her person and belongings conducted at the time of her arrest on November 16,

20  2010, that claim is also without merit.  See U.S. v. Edwards, 415 U.S. 800, 802 (1974) (holding

21  that the Fourth Amendment permits warrantless searches incident to custodial arrests).

22          Thus, the FAC fails to allege a cognizable claim for violation of plaintiff's Fourth

23  Amendment rights.  Given plaintiff's admissions in the FAC, it is implausible that plaintiff will

24  be able to allege a Fourth Amendment violation as a result of the traffic stop, the impoundment

25  and inventory search of her Vehicle, or the search incident to her arrest.  Accordingly, the second

26  cause of action should be dismissed without leave to amend.

1    In addition to plaintiff's Fourth Amendment allegations, but somewhat related to

2    them, plaintiff also claims in each cause of action that she has been deprived of her "right to

3    travel on the public right of ways."  (FAC ¶¶ 116-120.)  Throughout her 65-page opposition,

4    plaintiff challenges the authority of the State of California to require her to have a driver's license

5    and register the Vehicle, arguing that she does not have a "contract" with the State of California.

6    (See e.g. Pl.'s Opp., Dkt. No. 57, at 4.)  To the extent plaintiff contends that her fundamental

7    right to interstate travel is violated by impoundment of her Vehicle or state requirements that she

8    register the Vehicle and possess a valid driver's license, that claim fails as a matter of law.  See

9    Miller v. Reed, 176 F.3d 1202, 1205-06 (9th Cir. 1999) (holding that while there is a

10   fundamental right to interstate travel, no fundamental right to drive a motor vehicle exists that

11   can be abridged by denial of a driver's license).

12           Third Cause of Action for Violation of Fifth and Fourteenth Amendment Rights

13           The Fifth Amendment to the United States Constitution provides:

14           No person shall be held to answer for a capital, or otherwise
             infamous crime, unless on a presentment or indictment of a Grand
15           Jury ...; nor shall any person be subject for the same offence to be
             twice put in jeopardy of life or limb; nor shall be compelled in any
16           criminal case to be a witness against himself, nor be deprived of
             life, liberty, or property, without due process of law; nor shall
17           private property be taken for public use, without just
             compensation.

18

19   U.S. Const. amend. V.

20           The FAC essentially restates most of the language from the Fifth Amendment

21   without specifically alleging how plaintiff's Fifth Amendment rights were violated.   However, to

22   the extent plaintiff claims that her Vehicle was impounded "without due process" (here,

23   presumably under the Due Process Clause of the Fourteenth Amendment) that claim is without

24   merit for the reasons discussed above.  Also, any claim that plaintiff's Vehicle was taken

25   "without just compensation" fails as a matter of law, because "property seized and retained

26   pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause"

9

1  of the Fifth Amendment.  <u>AmeriSource Corp. v. United States</u>, 525 F.3d 1149, 1153 (Fed. Cir.

2  2008).

3          Finally, in the event plaintiff contends that she was compelled to give evidence

4  against herself when she was asked to present a current driver's license (which she admits she

5  did not have), this fails to state a claim for a Fifth Amendment violation.  "It is well established

6  that the privilege [against self-incrimination] only attaches to testimonial or communicative

7  evidence."  <u>Paine v. McCarthy</u>, 527 F.2d 173, 177 (9th Cir. 1975); <u>see</u> <u>also</u> <u>Sherman v. Babbitt</u>,

8  772 F.2d 1476, 1478 (9th Cir. 1985) (enforcement of driver's financial responsibility statute does

9  not implicate Fifth Amendment's privilege against self-incrimination, in part because act of

10  handing over insurance certificate is not testimonial).  Here, the act of handing over a driver's

11  license would not be testimonial or communicative, and accordingly there could be no Fifth

12  Amendment violation on this basis.  Additionally, a police officer is specifically authorized by

13  California law to make such a request.  <u>See</u> Cal. Veh. Code § 12951(b) ("The driver of a motor

14  vehicle shall present his or her license for examination upon demand of a peace officer enforcing

15  the provisions of this code.")

16          Because plaintiff has failed to state a valid claim for violation of her Fifth and

17  Fourteenth Amendment rights, and there is no plausible reason to believe that the complaint

18  could be further amended to state such a claim, the third cause of action should be dismissed

19  without leave to amend.

20          <u>Fourth Cause of Action for Violation of Sixth Amendment Rights</u>

21          The Sixth Amendment to the United States Constitution provides:

22          In all criminal prosecutions, the accused shall enjoy the right to a
            speedy and public trial, by an impartial jury of the State and district
23          wherein the crime shall have been committed ... , and to be
            informed of the nature and cause of the accusation; to be
24          confronted with the witnesses against him; to have compulsory
            process for obtaining witnesses in his favor, and to have Assistance
25          of Counsel for his defence.

26  U.S. CONST. amend. VI.

1      The FAC fails to allege any facts in support of a Sixth Amendment violation.

2   Instead, plaintiff primarily contends that she did not commit a crime when she was stopped on

3   November 3, 2010 or on November 16, 2010 when she was arrested.  Although she makes a

4   conclusory assertion that she was not "informed of the nature and cause of the charges against

5   her," she clearly admits in the FAC that her Vehicle was not registered and that she does not have

6   a valid driver's license.  (FAC ¶¶ 74-75.)  She also admits that she was informed of the existence

7   of a bench warrant at the time of her arrest on November 16, 2010.  (See FAC ¶¶ 76-84; RJN Ex.

8   B.)  Furthermore, the March 16, 2011 minute order from San Joaquin County Superior Court

9   indicates that plaintiff appeared at an arraignment hearing where plaintiff was again informed of

10   the charges against her related to the November 3, 2010 traffic stop and advised of her rights.

11   (RJN Ex. E.)  For these reasons, and because it is unlikely that plaintiff would be able to state a

12   claim under the Sixth Amendment, plaintiff's fourth cause of action should be dismissed without

13   leave to amend.

14                   Fifth Cause of Action for Violation of Eighth Amendment Rights

15      Pursuant to the Eighth Amendment to the United States Constitution, "[e]xcessive

16   bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments

17   inflicted."

18      In support of this cause of action, plaintiff alleges that she suffered "physical and

19   emotional, cruel and unusual punishment" by City Defendants.  This formulaic and conclusory

20   recitation is entirely unsupported by factual allegations and again seem to merely attack the

21   validity and reasonableness of the traffic stop and impoundment of plaintiff's vehicle.  However,

22   plaintiff further alleges that she was "tortured" and "suffered excruciating pain" at the hands of

23   three unknown deputies at the San Joaquin County Jail.  (FAC ¶ 93.)  She was locked in a

24   "freezing cold solitary confinement cell" without her coat, boots, socks, or hat, and was refused a

25   phone call.  (FAC ¶¶ 94-96.)  There are two problems with plaintiff's claim.  First, "[t]he Eighth

26   Amendment's prohibition of cruel and unusual punishments applies only after conviction and

11

sentence." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001).  "Therefore, pretrial

detainees are accorded no rights under the Eighth Amendment...Instead their rights arise under

the Due Process Clause of the Fourteenth Amendment." <u>Id.</u>  Second, to the extent plaintiff

attempts to state a claim under the Due Process Clause of the Fourteenth Amendment, that claim

also fails, because her allegations do not involve any of the named defendants, but instead

unnamed deputies employed by the San Joaquin County Jail.  Similarly, plaintiff's allegation that

she will be charged "extortion fees" by "a third party" for recovery of her Vehicle does not

implicate any of the named defendants.  Because plaintiff has failed to state a claim for violation

of the Eighth Amendment, and is unable to do so, the fifth cause of action should be dismissed

without leave to amend.

Therefore, because plaintiff has failed to state a claim for constitutional violations

against the individual officers, plaintiff's section 1983 claims against the Stockton Police

Department and City of Stockton should also be dismissed without leave to amend.  In light of

these conclusions, it is unnecessary to consider City Defendants' argument that dismissal is

warranted based on the doctrine of qualified immunity.

<u>Other Federal Claims</u>

As mentioned above, in the jurisdiction section of the FAC, plaintiff also alleges

liability under multiple other statutes, including 42 U.S.C. §§ 1985, 1986, 1988; 18 U.S.C. §§ 4,

241, 242; and 42 U.S.C. § 2000d-7.  (FAC ¶ 3.)  Plaintiff sets forth no factual allegations that can

support a claim under any of these statutes.  For example, with respect to 42 U.S.C. §§ 1985 and

1986, plaintiff fails to identify an underlying constitutional right of which she has been deprived.

42 U.S.C. § 1988 provides for the discretionary award of attorneys' fees and expert fees in civil

rights cases, but does not create a substantive cause of action.  Furthermore, plaintiff's citation to

18 U.S.C. §§ 4, 241, and 242 is unavailing in that these statutes provide for criminal penalties,

not civil liability.  Finally, 42 U.S.C. § 2000d-7 abrogates the immunity of states from suit for

violations of certain federal statutes prohibiting discrimination by recipients of federal financial

1   assistance.  It plainly has no application to this case.  Consequently, these claims should also be

2   dismissed without leave to amend.

3           For the reasons outlined above, City Defendants' motion for judgment on the

4   pleadings should be granted with prejudice.

5                       PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

6           On August 18, 2011, plaintiff filed a motion for default judgment against

7   defendant Evangelina Duran dba Brownies Towing ("Duran"), the only remaining named

8   defendant.  Brownies Towing was the company which allegedly towed plaintiff's vehicle on

9   November 3, 2010.  (FAC ¶¶ 63-72.)

10          Duran has not appeared in this action.  On December 27, 2010, plaintiff initially

11   filed a motion for default judgment against Ms. Duran.  (Dkt. No. 12.)  A review of the return of

12   summons indicated that the summons and complaint were left with an individual named

13   "Stephanie Ortiz" on November 24, 2010.  (Dkt. No. 4.)  The court denied the motion without

14   prejudice, because there was no evidence that "Stephanie Ortiz" was authorized to accept service

15   on behalf of Duran.

16          Subsequently, in the March 17, 2011 pre-trial scheduling order, the court again

17   made clear that service of process on Duran was deficient.  (Dkt. No. 38)  The court noted that

18   Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that, where service is not waived, a

19   person may be served in a judicial district of the United States by: "(1) following state law for

20   serving a summons in an action brought in courts of general jurisdiction in the state where the

21   district court is located or where service is made."  Under Cal. Civ. Proc. Code § 415.20(b), if a

22   copy of the summons and complaint cannot with reasonable diligence be personally delivered to

23   the person to be served, substituted service may be made on a person apparently in charge of the

24   business *and* mailing thereafter to the person to be served at the place where copies of the

25   summons and complaint were left.  Plaintiff submitted a declaration by the process server

26   indicating that although Duran was not present, he was told by the receptionist that she could

accept the summons and complaint on behalf of Duran.  (See Affidavit of Jeffrey Scott Roark, Dkt. No. 35, at p. 8.)  The court explained that there was no evidence of due diligence to make other attempts at personal service and no indication that a copy of the papers were subsequently mailed to Duran.  Accordingly, plaintiff was ordered to complete service of summons on Duran within 30 days.

On April 21, 2011, plaintiff filed a "Notice to Amend Proof of Service" signed by her process server, Jeffrey Scott Roark.  (Dkt. No. 49.)  The notice claims that the summons was properly served, but that the original proof of service form was "improperly filled out."  The notice attached an amended proof of service claiming that the process server personally served summons "on the individual at Evangelina Duran aka dba Brownies Towing" on November 24, 2010.  Presumably based on this amended proof of service, the clerk entered default as to Duran on May 19, 2011.  (Dkt. No. 53.)  Consequently, plaintiff filed the instant motion for default judgment.

The "amended" proof of service does not definitively indicate that Duran herself was personally served on November 24, 2010; it merely states that "the individual" at Brownies Towing was served.  Moreover, the process server's prior affidavit specifically represented that Duran was not present, but that the papers were accepted by Stephanie Ortiz.  Thus, the court is not convinced that the statements in the "amended" proof of service are accurate.  For these reasons, the clerk's entry of default as to Duran should be set aside and plaintiff's motion for default judgment should be denied without prejudice as premature.

Nevertheless, the claims against Duran should also be dismissed.   "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

1    The court's authority in this regard includes sua sponte dismissal as to defendants who have not

2    been served and defendants who have not yet answered or appeared.  Columbia Steel Fabricators,

3    Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with

4    prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other

5    defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho

6    1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  Here, the non-

7    appearing defendant, Duran, is in a position similar to that of the defendants who have moved for

8    dismissal and the claims are integrally related.  Duran's only involvement in this case is that her

9    towing company, Brownie's Towing, was allegedly called out to tow plaintiff's Vehicle pursuant

10   to the instructions of the individual officers from the Stockton Police Department.  Accordingly,

11   all claims against Duran should be dismissed with prejudice.

12          A review of the court's records reveals that plaintiff has filed an action against

13   the California Highway Patrol involving very similar allegations (see 2:11-CV-1265-KJM-KJN)

14   and had unsuccessfully attempted to remove to this court various state court actions against her in

15   San Joaquin County Superior Court involving charges of driving with a suspended license,

16   display of false evidence of registration, forging and altering vehicle registration, resistance and

17   obstruction of a peace officer, speeding, failure to register her vehicle, failure to provide evidence

18   of financial responsibility, and failure to appear on a misdemeanor charge.  (See 2:11-CV-0784-

19   GEB-EFB, Dkt. No. 1.)  As such, plaintiff essentially appears to be using the federal courts to

20   challenge the authority of the State of California to require her to abide by its traffic laws and

21   regulations.

22          Accordingly, IT IS HEREBY ORDERED that:

23          1.  The clerk's entry of default as to Evangelina Duran (Dkt. No. 53) is set aside.

24          2.  Plaintiff's motion for default judgment (Dkt. No. 61) is denied without

25   prejudice as premature.

26   \\\\

IT IS HEREBY RECOMMENDED that:

1. City Defendants' motion for judgment on the pleadings (Dkt. No. 54) be granted with prejudice.

2. Defendants Adair, Gonzalez, Hughes, Reynosa, Teague, City of Stockton, Stockton Police Department, and Evangelina Duran dba Brownies Towing be dismissed from the case with prejudice.

3. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 Dated: October 3, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5
McCain.3170.mjp.wpd

16